UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kerry Garner, #143074,<br><br>Petitioner,<br><br>vs.<br><br>Cecelia Reynolds,<br><br>Respondent. | C/A No. 3:13-414-TLW-JRM<br><br><br><br>Report and Recommendation |

## *Background of this Case*

Petitioner is an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections. The South Carolina Department of Corrections website (https://sword.doc.state.sc.us/scdc-public/, last visited on Feb. 28, 2013) indicates that Petitioner is serving a sentence of forty-nine years. Petitioner's projected release date is January 9, 2019. In the above-captioned case, Petitioner has submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition (ECF No. 1) is one hundred pages in length. Sixty-two pages of exhibits (ECF No. 1-1) are also included.

Information disclosed in Petitioner's prior habeas corpus case, *Kerry Garner v. Calvin Anthony, Warden of Lee Correctional Institution*, Civil Action No. 3:02-1330-TLW-JRM, indicates that Petitioner was indicted in May of 1987 for shooting and robbing a person in Jasper County. Petitioner was originally convicted and sentenced in May of 1987. Petitioner's convictions were affirmed on direct appeal by the Supreme Court of South Carolina in *State v. Garner*, Mem. Op. No. 89-MO-68 (S.C. Feb. 13, 1989). Petitioner filed an application for post-conviction relief (Case No.

92-CP-27-56), which was granted by the Court of Common Pleas for Jasper County. Petitioner was retried, convicted, and sentenced on December 13, 1994. No direct appeal was filed from the judgment of conviction.

The exhibits in the above-captioned case indicate that Petitioner filed a second application for post-conviction relief , Case No. 2003-CP-27-302. The Public Index on the Jasper County Clerk of Court website (http://publicindex.sccourts.org/jasper/publicindex/PISearch.aspx, last visited on Feb. 28, 2013) reveals that Petitioner filed Case No. 2003-CP-27-302 on August 20, 2003,[1] approximately four weeks after the disposition of Petitioner's appeal in his prior Section 2254 habeas corpus action in this Court, *Kerry Garner v. Calvin Anthony, Warden of Lee Correctional Institution*, Civil Action No. 3:02-1330-TLW-JRM.

Petitioner received a belated direct appeal per order of the Honorable J. Cordell Maddox, South Carolina Circuit Judge, on June 10, 2009 (ECF No. 1-1, at pages 24–26). As discussed in more detail in the body of this Report and Recommendation, Petitioner's PCR counsel failed to perfect the belated direct appeal in the manner prescribed by *Davis v. State*, 342 S.E.2d 60, 60 (S.C. 1986). As a result, Petitioner was not able to obtain the belated direct appeal. On November 2, 2011, the Supreme Court of South Carolina denied the State's petition for writ of certiorari as moot. The South Carolina Office of Appellate Defense subsequently filed a petition for writ of habeas

[1]A federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, *3 n. 1 (D.S.C. May 10, 2011) (collecting cases), *adopted*, 2011 WL 2162184 (D.S.C. June 1, 2011); *see also In Re Katrina Canal Breaches Consolidated Litigation*, 533 F. Supp. 2d 615, 631–33 & nn. 14–15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686–88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

corpus in the original jurisdiction of the Supreme Court of South Carolina. The Supreme Court of South Carolina denied the petition for writ of habeas corpus on March 7, 2012 (ECF No. 1-1, at page 59).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review[2] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Petition is subject to summary dismissal because it is a successive petition. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth

[2]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

In *Kerry Garner v. Calvin Anthony, Warden of Lee Correctional Institution*, Civil Action No. 3:02-1330-TLW-JRM, Petitioner on April 26, 2002, brought a Section 2254 habeas corpus action to challenge his convictions for armed robbery and assault and battery with intent to kill entered in the Court of General Sessions for Jasper County. In an order filed on May 1, 2012, the undersigned granted Petitioner's motion for leave to proceed *in forma pauperis* and directed Petitioner to Answer Special Interrogatories. Petitioner submitted his Answers to Court's Special Interrogatories on May 10, 2002. On May 23, 2002, the undersigned directed the respondents to file an answer or return.

The respondents in Civil Action No. 3:02-1330-TLW-JRM filed a return and motion for summary judgment on July 8, 2002. On July 10, 2002, the undersigned issued a *Roseboro* order to apprise Petitioner of dispositive motion procedure. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). On July 17, 2002, Petitioner filed his own motion for summary judgment and responded to the *Roseboro* order on July 25, 2002.

In a Report and Recommendation filed in Civil Action No. 3:02-1330-TLW-JRM on January 8, 2003, the undersigned recommended that respondents' motion for summary judgment be granted and that Petitioner's motion for summary judgment be denied because the petition was not timely. The parties in Civil Action No. 3:02-1330-TLW-JRM were apprised of their right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so. Petitioner filed timely written objections to the Report and Recommendation.

In an Order filed in Civil Action No. 3:02-1330-TLW-JRM on February 13, 2002, the Honorable Terry L. Wooten, United States District Judge, adopted the Report and Recommendation and granted summary judgment to the respondents. Petitioner's subsequent appeal (Fourth Circuit Docket No. 03-6357) in Civil Action No. 3:02-1330-TLW-JRM was not successful. The United States Court of Appeals for the Fourth Circuit on July 24, 2003, denied a certificate of appealability and dismissed the appeal. *See Garner v. Anthony*, 69 F.App'x. 644 (4th Cir. 2003).

The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) (to qualify as "successive" petition, prior petition must have been adjudicated on the merits); *see also Tyler v. Cain*, 533 U.S. 656, 662–68 (2001) (Section 2244(b) applies when first habeas corpus petition adjudicated on the merits was filed prior to enactment of AEDPA and second petition was filed after enactment of AEDPA). Since Civil Action No. 3:02-1330-TLW-JRM was decided by summary judgment, the Petition in the above-captioned case (Civil Action No. 3:12-414-TLW-JRM) is successive, not withstanding the subsequent state court post-conviction proceedings in Case No. 2003-CP-27-302.[3]

This court may take judicial notice of Civil Action No. 3:02-1330-TLW-JRM. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

---

[3]The successiveness of a habeas petition may be raised by a district court *sua sponte*. *See Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997), which is cited in *Latimer v. Warden*, No. 6:10-721-JFA-WMC, 2010 WL 2720964, at *2 (D.S.C. April 14, 2010) ("The issue of successiveness of a habeas petition may be raised by the court *sua sponte*."), *adopted by* 2010 WL 2720912 (D.S.C. July 8, 2010).

As earlier stated, in state court proceedings subsequent to Civil Action No. 3:02-1330-TLW-JRM, Petitioner in Case No. 2003-CP-27-302 received a belated direct appeal per order of the Honorable J. Cordell Maddox, South Carolina Circuit Judge, on June 10, 2009 (ECF No. 1-1, at pages 24–26). The Attorney General of South Carolina filed a petition for writ of certiorari, but Petitioner's PCR counsel did not file a brief on appeal. Hence, on November 2, 2011, the Supreme Court of South Carolina denied the State's petition for writ of certiorari as moot.

Petitioner's PCR counsel should have filed a Notice of Appeal or a petition for writ of certiorari to set forth the issues to be addressed in the belated direct appeal, as required by *Davis v. State*, 288 S.C. 290, 291–92, 342 S.E.2d 60, 60 (1986). Petitioner's PCR counsel failed to do so (ECF No. 1-1, at pages 47–48).[4] It appears that the South Carolina Office of Appellate Defense was not apprised of this failure by Petitioner's PCR counsel until November 2, 2012, when the Supreme Court of South Carolina denied the State's petition for writ of certiorari as moot. The South Carolina Office of Appellate Defense subsequently filed a petition for writ of habeas corpus in the original jurisdiction of the Supreme Court of South Carolina and sought relief based on the failures of Petitioner's trial counsel and PCR counsel (ECF No. 1-1, at pages 48–57). The Supreme Court of South Carolina denied the petition on March 7, 2012 (ECF No. 1-1, at page 59).

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move

[4]The actions of Petitioner's PCR counsel were the subject of attorney grievance decided by the Office of Disciplinary Counsel on December 21, 2009 (ECF No. 1-1, at page 40). It appears that Petitioner's PCR counsel believed that the South Carolina Office of Appellate Defense was responsible for briefing the belated appeal issues (ECF No. 1-1, at page 39). *Compare* letter of December 3, 2009 , to Petitioner from Petitioner's PCR counsel (ECF No. 1-1, at page 39) with *Davis v. State*, 342 S.E.2d at 60.

in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also* Rule 9, Rules Governing Section 2254 Cases in the United States District Courts: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2243(b)(3) and (4)."

In any event, there is no indication in the present petition that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the Petition in the above-captioned case. Leave from the United States Court of Appeals for the Fourth Circuit is now required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2254 petitions. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1996) ("Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals."). Before Petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he ***must*** seek and obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Petitioner can obtain the necessary form for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit (1100 East Main Street — Suite 501, Richmond, Virginia 23219-3517). *See In re: Williams*, 330 F.3d 277, 278–80 (4th Cir. 2003). The form is titled "MOTION UNDER 28 U.S.C. § 2244 FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE APPLICATION FOR RELIEF UNDER 28 U.S.C. §§ 2254 OR 2255."

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that a district court issue or deny a certificate of

appealability when a final ruling on a post-conviction petition is issued. *See* Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

## *Recommendation*

Accordingly, it is recommended that the Section 2254 Petition be dismissed *without prejudice and without requiring Respondent to file an Answer or return*. It is also recommended that the District Court deny a Certificate of Appealability. *See also* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). **Petitioner's attention is directed to the important notice on the next page.**

March 13, 2013
Columbia, South Carolina

Joseph R. McCrorey
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).